UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

JERMAINE WALKER,

                Petitioner,

      -against-

WARDEN T. MILLS,

                Respondent.
-----------------------------------------------------------------x

MEMORANDUM
AND ORDER

17-CV-2308 (ENV)

VITALIANO, D.J.

On April 14, 2017, petitioner Jermaine Walker, appearing *pro se* and currently detained at the Anna M. Kross Center on Rikers Island, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging his pending prosecution in Brooklyn Supreme Court, under Kings County docket number 2016KN070509. *See* (Petition 2, ECF No. 1). The petition seeks Walker's immediate release and the dismissal of all charges against him. (*Id.* at 8). On June 1, 2017, petitioner paid the statutory filing fee to commence this action. For the reasons that follow, the petition is dismissed without prejudice.

Background

Petitioner complains that his current detention violates the United States Constitution, but he provides no facts that show grounds for relief. (*Id.* at 6-9). The Court takes judicial notice that petitioner was arrested and is being held on various state criminal charges, including attempted murder. *See* N.Y.C. Dep't of Corr., Inmate Lookup Service, http://a073-ils-web.nyc.gov/inmatelookup. (last visited June 5, 2017) (petitioner identified by his book & case number); N.Y. State Unified Ct. Sys., WebCriminal,

1

https://iapps.courts.state.ny.us/webcrim_attorney/AttorneyWelcome. (last visited June 5, 2017) (petitioner identified by his name and indictment numbers: Nos. 01180/2015 and 10053/2016).

Discussion

The Judiciary Act of 1789, ch. 20, § 14, 1 Stat. 73, 81-82, conferred jurisdiction upon federal courts to issue writs of habeas corpus to prisoners in the custody of the United States. *See McCleskey v. Zant*, 499 U.S. 467, 477-78, 111 S. Ct. 1454, 1461, 113 L. Ed. 2d 517 (1991). That grant of jurisdiction is presently codified at 28 U.S.C. § 2241, which permits federal courts to entertain habeas corpus petitions from federal prisoners "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Section 2241 is [also] available to state pre-trial detainees challenging their custody as being in violation of the Constitution or federal law." *Robinson v. Sposato*, No. 11-CV-191, 2012 WL 1965631, at *2 (E.D.N.Y. May 29, 2012).

The grant of authority to federal courts to issue a writ of habeas corpus to an aggrieved petitioner in state custody must be construed, however, with full respect for the nature of our federal system and its recognition of the separate sovereignty of each state. That is why the authority granted by § 2241 cannot be used to "derail[] . . . a pending state proceeding by [permitting a petitioner] to litigate constitutional defenses [to state charges] prematurely in federal court." *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 493, 93 S. Ct. 1123, 1129, 35 L. Ed. 2d 443 (1973); *see also Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 591, 187 L. Ed. 2d 505 (2013) (reiterating that, absent unusual circumstances, the abstention doctrine developed in *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971), "preclude[s] federal intrusion into ongoing state criminal prosecutions"); *Allen v. Maribal*, No. 11-CV-2638, 2011 WL 3162675, at *1 (E.D.N.Y. July 25, 2011).

Here, Walker seeks his immediate release from state custody and the dismissal of the state court criminal charges currently pending against him. But, he provides no facts or circumstances that would militate against the abstention of the exercise of habeas jurisdiction that ordinarily controls in cases like this. There might come a time at the conclusion of Walker's state prosecution when federal habeas relief is appropriate, but nothing in the petition even remotely suggests that the time is now. As such, this Court will abstain from intervening in petitioner's ongoing state court criminal prosecution.

## Conclusion

Accordingly, Walker's application for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, is dismissed without prejudice.

Because this petition presents no "substantial showing of the denial of a constitutional right," a certificate of appealability shall not issue. 28 U.S.C. § 2253(c).

Walker is advised to raise any concerns regarding the proceedings in his ongoing criminal case with his defense attorney and with the appropriate state court.

Although petitioner paid the filing fee to commence this action, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 920-21, 8 L. Ed. 2d 21 (1962).

The Clerk of Court is directed to enter judgment dismissing Walker's petition without prejudice and to close this case for administrative purposes.

So Ordered.

Dated: Brooklyn, New York
June 6, 2017

/S/ USDJ ERIC N. VITALIANO

ERIC N. VITALIANO
United States District Judge